## JOHN GILMAN AND WIFE vs. JEREMIAH S. MORRILL.

An estate devised to two sons of the devisor, creates an estate in common, if there is nothing said in the devise that the estate shall be joint.

When one of the devisees dies intestate and under age and without issue, the mother inherits a part of the estate devised to him, with the surviving brother; notwithstanding the will was made and the testator died previous to the passing of the present probate act.

Petition for partition—and Plea denying the alledged tenancy in common. The property in question was real estate, devised in the year 1815, by Jeremiah Morrell, deceased, in the first place to his wife Peggy, one of the petitioners, so long as she should remain his widow and unmarried; and whenever the interest of said Peggy should be terminated, to his two sons, Joseph and Jeremiah. Joseph died a minor and unmarried in 1824. A short time previous to said Joseph's decease, said Peggy intermarried with John Gilman, one of the petitioners. The clause in the will bequeathing to the sons the property in question, read as follows: "I give and bequeath to my two sons, Joseph and Jeremiah, all my real estate, of whatever name or nature, after the interest of my wife shall have terminated."

The defendant contended, that the whole share and estate of said Joseph had become vested in himself. But the court decided, and instructed the jury, that said Peggy inherited the share and estate of said Joseph equally with the defendant, and that the plaintiffs, in right of said Peggy, were tenants in common with the defendant in proportion of one fourth and three fourths. The jury thereupon returned a verdict for the plaintiffs. To which

decisions and charge of the court, petitionees excepted. Exceptions allowed, and the cause passed to the supreme court for revision.

FRANKLIN,
January,
1836.

Gilman & wife
vs.
Morrill.

*Mr. Stephens and Mr. Brown for petitionees.*—The will was executed February 17th, A. D. 1815, and must be so construed as to carry into effect the intentions of the testator, whether the testamentary disposition be such as the court will favor or not.—*Thelluson* vs. *Woodford*, 4 Vesey's Rep. 311—3 Burrows' Rep. 1634.

From the plain and express words which limit the duration of the widow's estate, we think the court can have no doubt that the intention of the testator was to have the land in question descend only to the heirs of his own body.

Every doubt upon this subject will be removed by a reference to the laws in force when the will was published.

The statutes then in force, so far as regards the present question, were the act of March 10th, A. D. 1797, and the act of November 4th, 1799.

By the first mentioned act, real estate descends to the children, if any ; if none, to the next of kin.—See section 27th.

In that act there are but two cases in which a mother is allowed to inherit land from her child. The first is by the 29th section by which it is enacted, that if the child of an intestate dies after arriving at full age, unmarried and intestate, she shall inherit a sister's share. The other case (see section 30th) is where the child has left a widow without issue. His father being dead, the mother then takes the same share as a sister.

The statute of November 4th, 1799, enacts that the widow of any testator may appear before the judge of probate within sixty days after the will shall have been approved, and waive the provision made for her by will and have her dower assigned.

The provision made for the widow by the will, was in lieu and not in addition to dower ; she had her election and has made it. She took as a purchaser, that is by contract; and as that contract was understood at the time, so must it be carried into effect. And to us it appears the height of absurdity to contend that the testator intended, in case of the death of either of his minor children, that his widow should inherit.

But the plaintiffs contend that they are entitled to the land in question, by virtue of the act passed Nov. 15, 1821.

FRANKLIN,
January,
1836.

Gilman & wife
vs.
Morrill.

This claim the defendant resists on two grounds :

1. That it was not the intention of the legislature to have that act apply to cases like the present.

2. That had they so intended, they had not the constitutional power to carry their intentions into effect.

That such was not the intention of the legislature, is apparent from the proviso contained in the 110th section of that act, (Revised Statutes, p. 358) which expressly declares that the former probate acts shall be and remain in full force as to all matters and things done or transacted during their existence to all *intents* and purposes, and that this act of 1821 shall not be construed to affect any right or rights accruing or incurred under any of the repealed acts.

The will having been made published and probate thereof granted, during the existence of said former laws, must of necessity be one of those matters and things which the legislature have exempted from the operation of the law of 1821, and as such is not liable to be construed or affected by it.

The two sons of Jeremiah Morrill took by the will a vested and contingent remainder, for by the will he conveyed to his widow at most only a life estate in the premises, with remainder to his sons. The remainder was contingent so far as it depended on the widow's marrying; for it was uncertain whether the event would ever take place, but the remainder was a vested remainder, as depending on the death of the widow, for that is an event certain, the time when only being doubtful.

The children of the testator had not only an interest as tenants in common of this remainder, but also a reciprocal interest in each other's estate ; for if either died within age, unmarried and without issue, the survivor inherited the whole. This was a valuable interest, as the event has proved.

This interest commenced upon the decease of the testator, and whether the right to this interest was created by virtue of the will or by force of the statute, is immaterial; for by the before-mentioned proviso it is enacted, that the act of 1821 shall not be so construed as to affect any right or rights, accruing or incurred under any of said repealed acts or sections of acts.

*Mr. Smith for petitioners*—It is contended by the petitioners:

1st. That by the will of the testator, Joseph and Jeremiah on the intermarriage of the said Peggy with the said John Gilman, took an estate *in fee simple. A devise of all the testator's real*

FRANKLIN,
January,
1836.

*estate*, is a devise in fee simple·—See 17 Mass. Rep. 68—6 John. Rep. 188—12 do. 389—15 do. 169.

Gilman & wife
*vs.*
Morrill.

2d. By the 75th section of an act constituting probate courts, &c., passed Nov. 15, 1821, (Revised Laws, page 334) the said Peggy took, as heir, to the said Joseph, an undivided half of his interest and estate in said premises, and thereby became tenant in common with the said Jeremiah S. Morrill, the other and only heir to the said Joseph.

The opinion of the court was delivered by

WILLIAMS, CH. J.—The petitioners do not claim any interest in the premises, by virtue of the will of Jeremiah Morrill the elder. All the interest in his estate, which Peggy Gilman, one of the petitioners, has under that will, ceased on her intermarriage with John Gilman the other petitioner. But they claim one half of the estate, which belonged to Joseph Morrill deceased, on the ground that his estate is to descend, or be distributed to his brother and mother equally.

To decide this question, it seems only necessary to ascertain what estate Joseph and Jeremiah S. Morrill took under the will of their father. For if they took an estate as joint-tenants, then the argument which has been advanced would be unanswerable. The right of survivorship would give the whole to the petionee, as surviving joint-tenant.

Under the will of Jeremiah Morrill, his two sons, Joseph and Jeremiah, took an estate in common by purchase. There is nothing in the will which indicates or manifests any intention in the devisor, that the estate should vest in them and be held as a joint-estate. Nothing to that effect having been "said" in the devise, the estate devised is to be deemed and adjudged an estate in common and not in joint-tenancy, agreeably to the 11th section of the statute for the partition of real estate.

If the statute, which was in force in 1815 when Jeremiah Morrill died, had remained unrepealed, Mrs. Gilman would, on the decease of Joseph Morrill, have been entitled to the whole of his share or estate as next of kin. The 29th and 30th sections of the probate law then in force, had reference only to the children of those who died *intestate*. But there is no doubt that our present probate law, which was enacted in 1821, must regulate the descent of Joseph Morrill's estate. It is competent for the legislature to provide a rule of descent, as it respects real estate, and to change it from time to time, provided the law is not retrospec-

FRANKLIN,
January,
1836.

Gilman & wife
vs.
Morrill.

tive.   Whatever estate Joseph Morrill had, at the time of passing the present statute, or might thereafter acquire, which would descend to his heirs on his decease, must have been decreed to such persons as the existing law pointed out.   His mother, being one of the persons designated by the law, must therefore take a share in his estate.

The statute is not retrospective—interferes with no vested rights of Jeremiah S. Morrill; for he has none in the estate of his brother, neither was there any vested right of inheritance in either of the devisees of Jeremiah Morrill the elder, as has been so strenuously contended by the counsel for the petitioners.

Nor is the fact that Joseph died a minor, incapable of making a will, entitled to any consideration.   His estate was no different during his minority, from what it would have been on his arriving at full age.   It could have been disposed of during his life, like the estate of other minors, according to the provisions of the statute, and, on his decease, descended like other estates to the persons designated by law.

Considering that Mrs. Gilman does not claim this estate under the will of her former husband; that the two brothers, Joseph and Jeremiah, under the will took an estate in common, and neither had any vested or immediate interest in the share of the other; the only conclusion to which we come is, that on the decease of Joseph Morrill, his estate, in the premises in question, became the property both of his mother and brother, and liable to be divided accordingly.

The judgment of the county court, which was to this effect, must be affirmed.